# EXHIBIT 1

# Settlement agreement

**Dated**      **July 2019**

**Digital Soula System for Technology W.L.L.**

**Qatar Armed Forces**

## Contents

| | | |
|---|---|---|
| 1 | The parties | 1 |
| 2 | Recitals | 1 |
| 3 | Definitions and Interpretation | 1 |
| 4 | No admission | 2 |
| 5 | Full and final settlement | 2 |
| 6 | Payment | 2 |
| 7 | Security Documents | 2 |
| 8 | Release | 2 |
| 9 | Agreement not to Sue | 3 |
| 10 | Indemnities | 3 |
| 11 | No waiver | 3 |
| 12 | Costs | 3 |
| 13 | Other claims | 3 |
| 14 | Authority | 3 |
| 15 | Confidentiality | 3 |
| 16 | Entire agreement | 4 |
| 17 | Governing law and jurisdiction | 4 |

EXHIBIT 1, PAGE 6

**1    The parties**

In this Agreement

1.1    **DSS** means Digital Soula System for Technology W.L.L., a company registered under the laws of Qatar under registration number 56630, having its registered address at P O Box 17693, Doha, Qatar,

(the Consultant under the CSA).

1.2    **Qatar Armed Forces** means General Headquarters, Qatar Armed Forces, State of Qatar,,

(the Client under the CSA).

**2    Recitals**

(A)    A dispute arose in 2018 between the parties relating to the CSA;

(B)    The dispute has been fully and finally settled with effect from 30 August 2018, as detailed below;

(C)    A shareholder of DSS, Mr Tarek Fouad (**Mr Fouad**), has commenced two Arbitrations at the International Chamber of Commerce in relation to the CSA , purportedly on behalf of DSS (ICC Case 23698/AYZ and ICC Case 24282/AYZ) (the **Arbitrations**). ICC Case 23698/AYZ was closed by the ICC on 8 February 2019 in connection with the Claimant's failure to pay the ICC's provisional advance and ICC Case 24282/AYZ was closed by the ICC on 3 May 2019 at the request of the Claimant;

(D)    Mr Fouad also issued proceedings in the English High Court, with Claim Number CL-2018-000676, purportedly on behalf of DSS (the **English Court Proceedings**) in relation to the Arbitrations and the CSA. The English Court Proceedings were struck out by Mr Justice Andrew Baker on or before 22 January 2019 with no hearing having taken place; and

(E)    Mr Fouad has threatened to commence proceedings on behalf of DSS in a United States Federal Court in relation to the CSA (the **Threatened US Proceedings**).

**3    Definitions and Interpretation**

3.1    References to this **Agreement** (or any other document) shall be construed as references to

a.    this Settlement agreement (or that document) as amended, varied, supplemented, novated or replaced from time to time; and

b.    the agreement between the Parties as recorded in the letter from DSS to Qatar Armed Forces dated 30 August 2018, appended to this Settlement Agreement at Annex 1.

3.2    The **CSA** means the Consultancy Services Agreement between DSS and the Qatar Armed Forces dated 25 November 2014.

3.3    **Related Parties** means a party's parent, subsidiaries, assigns, transferees, principals, officers directors or shareholders.

1

3.4     The **Security Documents** mean:

   (a)     the **Advance Payment Guarantee No.** ILG/2015/00767 dated 26 February 2015.

   (b)     the **Performance Bank Guarantee No.** ILG/2014/03802 dated 27 October 2014.

3.5     The **Settlement Sum** means QAR 9,021,550.

**4       No admission**

No party admits any claim or allegation relating to the CSA or any liability or wrongdoing at all. Nothing in this Agreement should be taken as such an admission.

**5       Full and final settlement**

As recorded by way of letter from DSS to Qatar Armed Forces dated 30 August 2018 appended hereto as Annex 1, DSS accepts payment of the Settlement Sum being  QAR 9,021,550 in full and final settlement of all claims whatsoever (including  claims for interest and costs) which have been made, could have been made, or may be made by each of DSS and its Related Parties against Qatar Armed Forces and its Related Parties arising out of, or in any way connected to, the CSA. This, includes but is not limited to, the Arbitrations, the English Court Proceedings and the Threatened US Proceedings.

**6       Payment**

Qatar Armed Forces have paid DSS of QAR 9,021,550 on 1 November 2018, the receipt of which was acknowledged by DSS by letter dated 19 November 2018, appended to this Settlement Agreement at Annex 2.

**7       Security Documents**

Qatar Armed Forces has returned to DSS the original:

   (a)     Advance Payment Guarantee No. ILG/2015/00767; and

   (b)     Performance Bank Guarantee No. ILG/2014/03802,

the receipt of which was acknowledged by DSS by letter dated 19 November 2018, appended to this Settlement Agreement at Annex 2. Qatar Armed Forced agrees to make no future claims under the Security Documents.

**8       Release**

Each party agrees in full and final settlement to release on its own behalf and on behalf of all its Related Parties all and/or any actions, claims, rights, demands and set-offs, whether in this jurisdiction, or any other, whether or not presently known to the parties or to the law, and whether in law or equity, that it or any of its Related Parties ever had, may have or hereafter can, shall or may have against the other party and / or any of its Related Parties arising out of or connected with the CSA, or the Security Documents, save that Qatar Armed Forces reserves the right to seek its costs as against Mr Fouad of the Arbitrations pursuant to Article 38(6) of the ICC Arbitration Rules and Section 61 Arbitration Act 1996 (United Kingdom).

(collectively the **Released Claims**).

**9      Agreement not to Sue**

9.1    Each party agrees on behalf of itself and on behalf of its Related Parties, not to sue, commence, voluntarily aid in any way, prosecute or cause to be commenced or prosecuted against the other party any action, suit or other proceeding concerning the Released Claims, in this jurisdiction or any other, save that Qatar Armed Forces reserves the right to seek its costs as against Mr Fouad of the Arbitrations pursuant to Article 38(6) of the ICC Arbitration Rules and Section 61 Arbitration Act 1996 (United Kingdom).

9.2    This clause and Clause 8 above shall not apply to, and the Released Claims shall not include, any claims arising out of or in connection with any breach of this Agreement.

**10     Indemnities**

Each party hereby indemnifies, and shall keep indemnified, the other party and / or its Related Parties against all costs and damages (including the entire legal expenses of the parties) incurred in all future actions, claims and proceedings in respect of any of the Released Claims which it or any of its Related Parties may bring against the other party or a Related Party or any of them.

**11     No waiver**

Waiver of one breach of this Agreement does not waive or imply waiver of any further or other breach.

**12     Costs**

12.1   Each party must bear its own costs incurred in connection with this settlement.

**13     Other claims**

The parties agree that documents produced or disclosed in connection with the CSA may be used in connection with future legal proceedings involving third parties but shall otherwise be kept confidential.

**14     Authority**

Each party warrants and represents to the other with respect to itself that it has the full right, power and authority to execute, deliver and perform this Agreement and that it will take all actions necessary so as to give full force and effect to this Agreement.

**15     Confidentiality**

The terms of this Agreement are confidential to the parties, who shall not disclose them to, or otherwise communicate them to, any third party other than:

(a)    to the parties' respective auditors, insurers and lawyers on terms which preserve confidentiality; or

3

(b)     pursuant to an order of a court of competent jurisdiction, or pursuant to any proper order or demand made by any competent authority or body where they are under a legal or regulatory obligation to make such a disclosure.

**16      Entire agreement**

16.1    This Agreement sets out the entire agreement between the parties in relation to settlement of the CSA, it supersedes and extinguishes all prior agreements, contracts, correspondence, representations and undertakings between the parties.

16.2    The only claim, right or remedy available to a party for a representation expressly set out in this Agreement shall be damages for breach of contract.

16.3    Each party waives all claims, rights and remedies for all representations:

(a)     made to it by any person before entering into this Agreement; and

(b)     not set out in this Agreement.

16.4    Each party acknowledges that, in deciding to enter this Agreement, it has not relied on any such representation.

16.5    This Clause 16 does not exclude or restrict liability for fraudulent misrepresentation or fraudulent concealment.

**17      Governing law and jurisdiction**

Qatar law governs this Agreement and its interpretation.  The courts of Qatar have exclusive jurisdiction to decide any claim, dispute or difference arising from or relating to this Agreement.

**Signed** by the parties or their authorised representatives

**Signed** by

authorised for DSS

_____          _____
Mohd Abdulla Al-Mannai               Abdulsalam Issa Abu-Issa

**Signed** by

authorised for Qatar Armed Forces

4

EXHIBIT 1, PAGE 10

**Annex 1**

**Letter dated 30 August 2018**

5

بسم الله الرحمن الرحيم

التاريخ: ٣٠ أغسطس ٢٠١٨م

القيادة العامة
القوات المسلحة القطرية
مديرية الشؤون القانونية

الموضوع:    المستحقات المالية – اتفاقية رقم 2013-2014 / 88 / S / DC / PD / TAC

تحية طيبة وبعد،

تهديكم شركة ديجيتال سولا سيستمز اطيب التحيات، وتتقدم لكم بجزيل الشكر على جميع أوجه التعاون والمساعدة للتوصل الى انسب الحلول للمسائل المتعلقة بالعقد المبرم بين القوات المسلحة القطرية وشركة ديجيتال سولا سيستمز (DSS).

وفي هذا السياق، وحيث تمت التسوية المالية بمبلغ وقدره ٩،٠٢١،٥٥٠ (تسعة ملايين وواحد وعشرون الفا وخمسمائة وخمسون) ريال قطري. تتمثل التسوية المالية وفق التفاصيل ادناه والمدعومة بالوثائق المرفقة.

- الفواتير للفترة من يناير 2016 حتى يونيو 2016 بقيمة اجمالية تبلغ ٦،٨٧١،٩٢٠ (ستة ملايين وثمانمائة وواحد وسبعون الفا وتسعمائة وعشرون) ريال قطري.
  ○ فواتير رقم 004/2016 الى 009/2016

- تكلفة الموظفين للفترة من يوليو 2016 حتى نهاية نوفمبر ٢٠١٦ بقيمة اجمالية تبلغ ١٠،٨٨٥،٨٩١ (مليون وثمانمائة وخمسة وثمانون الفا وثمانمائة وواحد وتسعون) ريال قطري. وهذا يشمل:
  ○ رواتب الاستشاريين
  ○ مكافأة نهاية الخدمة (حتى نهاية نوفمبر 2016).
  ○ التذاكر السنوية والتأمين الصحي (حتى نهاية نوفمبر 2016)
  ○ عقود التوظيف للاستشاريين
  ○ إشعارات إنهاء العمل إلى الاستشاريين

- الإيجار النهائي لمدة 3 أشهر (ديسمبر 2016 إلى فبراير 2017) للمكتب الذي تم استخدامه من قبل الفريق المشترك. انتهى عقد الإيجار الخاص بالمكتب المذكور في نهاية فبراير 2017. القيمة الاجمالية لهذا البند تبلغ ٢٦٣،٧٣٩ (مائتان وثلاثة وستون الفا وسبعمائة وتسعة وثلاثون) ريال قطري.

شاكرين لكم حسن تعاونكم المستمر معنا.

تفضلوا بقبول فائق الاحترام والتقدير،،

محمد عبد الله المنّاعي
رئيس مجلس الإدارة
شركة ديجيتال سولا سيستمز

CR No.56630 | 12th Floor - Al Dana Tower, West Bay Area, Doha, Qatar | P.O. Box 17693
www.dss.com.qa

EXHIBIT 1, PAGE 12

**Annex 2**

**Letter dated 19 November 2018**



6

EXHIBIT 1, PAGE 13

بسم الله الرحمن الرحيم

التاريخ: ١٨ نوفمبر ٢٠١٨م

القيادة العامة
القوات المسلحة القطرية
مديرية الشؤون القانونية

الموضوع:            التسوية الكاملة – اتفاقية رقم 2013-2014 / 88 / S / DC / PD / TAC

تحية طيبة وبعد،

تهديكم شركة ديجيتال سولا سيستمز اطيب التحيات، وتتقدم لكم بجزيل الشكر على جميع أوجه التعاون والمساعدة للتوصل الى انسب الحلول للمسائل المتعلقة بالعقد المبرم بين القوات المسلحة القطرية وشركة ديجيتال سولا سيستمز (DSS).

وفي هذا السياق، وحيث تمت التسوية المالية بمبلغ وقدره ٩،٠٢١،٥٥٠ (تسعة ملايين وواحد وعشرون الفا وخمسمائة وخمسون) ريال قطري. يسعدني ان أخبركم عن وصول هذا المبلغ المذكور أعلاه الى حساب الشركة بتاريخ ١ نوفمبر ٢٠١٨.

كما ويسعدني ان أؤكد لكم اننا استلمنا أصل المستندات التالية من حضراتكم:

- Performance Bank Guarantee No. ILG/2014/03802 dated 27 Oct 2014
- Advance payment Guarantee No. ILG/2015/00767 dated 26 Feb 2015

وبذلك تكون بنود اتفاقية التسوية المبرمة بيننا قد نفذت بالكامل، ولذلك توافق شركة ديجيتال سولا سيستمز على التنازل عن أي مطالبات او حقوق او إجراءات او ادعاء او مطالبة او محاكمة مستقبلية.

شاكرين لكم حسن تعاونكم المستمر معنا.

تفضلوا بقبول فائق الاحترام والتقدير، ،،

عبد السلام عيسى أبو عيسى                         محمد عبد الله المناعي
شريك وعضو مجلس الإدارة                          رئيس مجلس الإدارة

EXHIBIT 1, PAGE 14