# EXHIBIT 6



**Zaher Nammour**
Partner

zaher.nammour@dentons.com
D +974 4459 6973
M +974 3021 1558

دنتونز وشركاؤهم
الطابق 15، أبراج الفردان – المكاتب
61 شارع الفندق
الخليج الغربي، ص.ب رقم 64057
الدوحة
دولة قطر
مرخصة من قبل هيئة مركز قطر للمال

Dentons & Co
Floor 15 Al Fardan Office Tower
61 Al Funduq Street
West Bay
PO Box 64057
Doha
State of Qatar

dentons.com

Doha, on 30 August 2018

Attention: The Secretariat of the ICC International Court of Arbitration

33-43 Avenue, du President Wilson
75116 Paris
France

e-mail lca5@iccwbo.org

Dear Sirs,

**Subject: 23698/AYZ - Digital Soula Systems (Qatar) v/s Qatar Armed Forces (Qatar) - Request for Arbitration dated 8 June 2018**

1.1 This letter is submitted on behalf of Digital Soula Systems LLC, (referred to here as the "**Company**") in reply to the letter from Mr. Mark Deem of Cooley, reference MD\MD\331327\201 ("**Cooley's Letter**") in relation to the Request for Arbitration (dated 8 June 2018) (the "**Request**").

1.2 We attach to this letter as Exhibit 1, the Power of Attorney from the Company, duly executed as an official deed at the Qatari Ministry of Justice, granting us the authority to represent the Company in the capacity of the Company's attorneys, including amongst other matters, objection to the arbitration proceedings.

1.3 We submit Cooley and Mr. Mark Deem have failed to present the requisite power of attorney or any other substantial proof of instruction from the Company to allow them to commence arbitration. . Instead, they have provided a transfer slip for their fees on what we understand is under a general engagement for advice to the Company, on the contract with the Respondent, but not in relation with commencing information. They have further relied on a third party witness statement to claim the existence of instructions from the Company or certain managers therein to proceed with the arbitration option, indeed an unheard precedent in evidencing capacity to represent a client in arbitration proceedings.

1.4 We rise above the grandstanding arguments stated in Cooley's Letter and reject the conspiracy claims stated therein. The fact of the matter is that the Company has not decided to commence the current arbitration and has not instructed or approved the Request. It is clear that Cooley are representing the interests of a minority shareholder of the Company, mainly Mr. Fouad, but are doing so in the name of the Company. The ICC is not the competent jurisdiction to address the dispute between the shareholders of the Company. This is exclusively reserved to the Qatari courts and is to be initiated only after that shareholder has exhausted the process provided for under the Company's regime, mainly the general assembly. Further, Cooley and Mr. Deem are obliged under their professional regulations and pursuant to their fiduciary duties towards the Company to resign their appointment immediately as it clearly transpires that they are representing the interests of the

Maclay Murray & Spens ► Gallo Barrios Pickmann ► Muñoz ► Cardenas & Cardenas ► Lopez Velarde ► Rodyk ► Boekel ► OPF Partners ► 大成 ► McKenna Long

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. Dentons & Co, Qatar Financial Centre Branch, is the registered name of Dentons & Co's branch in Qatar. Dentons & Co is a partnership comprising Dentons Middle East Partners LLP and Dentons Middle East Limited. It is licensed by the QFC Authority and is authorised and regulated by the Solicitors Regulation Authority. Any reference to a "partner" means a person who is a partner, member, consultant or employee with equivalent standing and qualifications in one of Dentons' affiliates. Please see dentons.com for Legal Notices.

minority shareholder of the Company against the best interests of the Company which is the stated client of Cooley and the party falsely stated as the Claimant in the request.

1.5 The Company reserves its rights to address all claims stated in the Cooley Letter in due course through the competent jurisdictions, especially those that are defamatory in nature, and reserves its rights to claim against Mr. Fouad, Cooley and Mr. Deem for all damages arising as a result of the Request.

1.6 To clarify the provisions of Qatar law in relation with the capacity of Mr. Fouad, Cooley and Mr. Deem to represent the Company in the current Request, we note Article 721 of the Qatari Civil Law number 22 of 2004, requires specific authorization be granted for every act which is not an act of management. Specifically, it states that acts of donations, sale, reconcilement, mortgage, admission, **arbitration** [emphasis added] and representation before the courts shall require specific authorization.

1.7 Article 719 of the Civil Law provides for thresholds as to what constitutes acts of management. They are for example, concluding a lease only if its period does not exceed three years, and the acts of preservation and maintenance, and collecting the rights, and settling debts shall be deemed acts of management.

1.8 Article (7) of the Articles of Association of the Company states that the Company shall be managed by one or more managers, who are appointed and removed with the consent of shareholders that own more than half of the capital.

1.9 Article (8) of the Articles of Association provides that the company's manager shall have the full authority to manage the company and his acts shall be binding upon the company provided that they are endorsed by the capacity under which he has acted. The manager shall represent the company before the courts and third parties. We note paragraph 1.6 above whereby Article 721 of the Civil Law has differentiated between "arbitration" and "courts", hence it is very clear that the right granted to a manager to resort to courts does not cover resorting to arbitration. Further, the Articles of Association does not provide any manager of the Company with the authority to resort to arbitration on behalf of the Company. Further, the Company is stated to have three managers, including Mr. Mohamed Mannai and Mr Abdulsalam Abu Issa, and it is inconceivable that a manager of the Company can commence arbitration against the clear will of the remaining majority managers and majority shareholders.

1.10 The Commercial Registration of the Company provides that the managers have full and absolute powers as managers. Therefore, in the absence of express powers in the Articles of Association, the managers' powers (Mr. Fouad included) are limited to managerial authorities only, which in light of Article 721 of the Civil Law, means that it is limited to a simple management role and does not include arbitration proceedings, which requires specific authorization.

1.11 The Request is filed on behalf of the Company. However, the Request states that Mr. Fouad is "only" seeking to recover 20% of the losses suffered as a result of the Respondent's actions since the local shareholders have elected not to play any active role in the arbitration and have waived their rights to benefit from any recovery in the Arbitration, as a result of direct threats made to the Qatari based shareholder and Chairman of the Company to prevent any legal action being taken. The Request has not cited any Qatar Law provision or otherwise any legal argument that allows for a shareholder of a Qatari Limited Liability company to file claims vis a vis third party for payment of invoices due to the company. On the contrary, the Qatari companies regime does not allow for the distribution of the gross income to shareholders. Distributions to shareholders are decided at the annual general assembly of the company (in line with Article 253 of the Companies Law and Article (21) of the

Articles of Association) and net profits are distributed to the shareholders as per the percentages stated in the Articles of Association.

1.12 We, as the duly authorised attorneys of the Company, and pursuant to the powers granted to us, hereby again confirm and notify the ICC that neither Mr. Tarek Fouad, nor Cooley nor Mr. Deem are authorized to represent the Company in any arbitral proceedings whatsoever, including the current Request.

1.13 The Request is being brought *ultra vires*, and as such is not valid. The Request is threating to cause material damages to the Company, its business and its shareholders, and as such should be stricken off immediately without allowing for further substantive arguments.

1.14 In furtherance, and in the extreme case it is decided to look further into the Request notwithstanding our request in paragraph 1.13 above, we hereby inform the ICC in our capacity as the duly authorized attorneys of the Company that the Company withdraws the Request immediately and any further proceedings in relation with the Request and arbitration be immediately stopped.

We therefore request the ICC to:

1) Immediately consider the Request as null and void on the basis that it was falsely presented on behalf of the Company, without the requisite authorizations.

2) In furtherance, if our request in (1) above was not granted for any reason whatsoever, we inform the ICC that the Request is immediately withdrawn by the Company and that any further proceedings in relation with the Request and arbitration be immediately stopped.

3) Charge Mr. Tarek Fouad, Mr. Mark Deem and Cooley (UK) LLP jointly and severally any costs or fees accrued to the Court in relation with the Request.

4) Provide us with copies of all previous correspondence between the parties and the ICC, including those received from Carter-Ruck.

5) Address all future correspondence relating to the Company to us instead of Cooley and Mr. Deem.

In all events the Company reserves its rights to claiming against Mr. Tarek Fouad, Mr. Mark Deem and Cooley (UK) LLP jointly and severally, damages, losses (including loss of profit and reputational damages), legal fees and otherwise all costs that may be incurred by the Company as a result of the Request.

Sincerely yours

Zaher Nammour
Dentons & Co
On behalf of Digital Soula Systems LLC

Exhibit 1 – Power of Attorney






نمـــوذج ت/١

إدارة التوثيق - وزارة العدل



محضرتو توثيقات : 2018 / 40255 -- )

التاريخ : 2018/08/01

## POWER OF ATTORNEY

This Power of Attorney is made by Digital Soula Systems W.L.L , registered in the State of Qatar on 09 July 2012 with the registration number 56630 having its registered address at P.O. Box 56630, Doha-Qatar (**Principal**) and represented by Mr. Mohd Abdulla A Al-Mannai, holding Qatari identity card no. 27663400507 and Mr Abdulsalam Issa Abdulsalam Mohamed Abu Issa holding Qatari identity card no.28263403252.

1 **APPOINTMENT AND POWERS**

1.1 The Principal appoints:

**Andrew JONES** of Dentons & Co, Floor 15 Al Fardan Office Tower, 61 Al Funduq Street, West Bay, Doha, Qatar, a British national holding Qatari identity card no. 26582600943

**Safwan MOUBAYDEEN** of Dentons & Co, Floor 15 Al Fardan Office Tower, 61 Al Funduq Street, West Bay, Doha, Qatar, a Jordanian national holding Qatari identity card no. 26240000451; and

**Zaher NAMMOUR** of Dentons & Co, Floor 15 Al Fardan Office Tower, 61 Al Funduq Street, West Bay, Doha, Qatar, a Lebanese holding Qatari identity card number 27742200164.

jointly and severally as its attorneys (**Attorneys**) to represent the Principal in any arbitration proceedings, including in any proceedings before a state court to enforce an award arising in those arbitration proceedings, against the Principal.

## توكيل خاص

حرر هذا التوكيل من قبل شركة ديجيتال سولا سيستمز لتقنية المعلومات ذ.م.م و المسجلة في قطر بتاريخ ٠٩ يوليو ٢٠١٢ و تحمل سجل رقم ٥٦٦٣٠ و مركز عملها كائن في ص- ب ١٧٦٩٣ الدوحة - قطر (**"الموكل"**) ويمثلها السيد محمد عبدالله علي مطر المناعي، ويحمل بطاقة شخصية قطرية رقم ٢٧٦٦٣٤٠٠٥٠٧ و السيد عبد السلام عيسى عبد السلام محمد أبو عيسى، قطري الجنسية و يحمل بطاقة شخصية قطرية رقم ٢٨٢٦٣٤٠٣٢٥٢.

١ التعيين والصلاحيات

١,١ قام الموكل بتعيين كل من:

السيد اندريو جونس، من مكتب دنتونز و شركاؤهم، الكائن في الطابق ١٥، مكاتب ابراج الفردان، ٦١ شارع الفندق، الخليج الغربي، الدوحة قطر و يحمل جواز سفر بريطاني رقم ٢٦٥٨٢٦٠٠٩٤٣؛ و

السيد صفوان فايز حسين المبيضين، من مكتب دنتونز و شركاؤهم، الكائن في الطابق ١٥، مكاتب ابراج الفردان، ٦١ شارع الفندق، الخليج الغربي، الدوحة قطر، أردني الجنسية و يحمل بطاقة شخصية رقم ٢٦٢٤٠٠٠٠٤٥١؛ و

السيد زاهر خليل نمور ، من مكتب دنتونز و شركاؤهم، الكائن في الطابق ١٥، مكاتب ابراج الفردان، ٦١ شارع الفندق، الخليج الغربي، الدوحة قطر، لبناني الجنسية و يحمل بطاقة شخصية قطرية رقم ٢٧٧٤٢٢٠٠١٦٤.

مجتمعيين و منفردين بصفتهم الوكلاء (الوكلاء) لتمثيل الموكل في أي إجراءات تحكيم، بما في ذلك أي إجراءات أمام محكمة في الدولة لتنفيذ قرار التحكيم الذي ينشأ عن إجراءات التحكيم ضد الموكل.



الموثـق

خاتـم التوثيق

الأطـــراف

| | | | |
|---|---|---|---|
| -١ | -٦ | -١١ | -١٦ |
| -٢ | -٧ | -١٢ | -١٧ |
| -٣ | -٨ | -١٣ | -١٨ |
| -٤ | -٩ | -١٤ | -١٩ |
| -٥ | -١٠ | -١٥ | -٢٠ |

دولة قطر
وزارة العدل
إدارة التوثيق
قسم التوثيق



نموذج ث/١

محضر توثيق رقم ( ................................ )

| | |
|---|---|
| 1.2 Without limiting the generality of the foregoing, the Attorneys shall have power, on behalf of the Principal: | ١,٢ يكون للوكلاء، دون الحد من عمومية ما تقدم، الصلاحيات للقيام بالتالي : |
| 1.2.1 to transact all necessary actions and communications connected with the arbitration, including to sign the Terms of Reference and to file any submissions required in the course of the arbitration, including objection to arbitration; | ١,٢,١ اتخاذ جميع الإجراءات والاتصالات اللازمة المتصلة بالتحكيم، بما في ذلك التوقيع على الشروط المرجعية وتقديم أية تسليمات مطلوبة في سياق التحكيم او طلب وقف التحكيم؛ |
| 1.2.2 to sign documents produced in the arbitration (such as procedural orders and correspondence); | ١,٢,٢ التوقيع على الوثائق الصادرة خلال التحكيم (مثل الأوامر الإجرائية والمراسلات)؛ |
| 1.2.3 to attend any hearings in the arbitration and appear for the Principal at those hearings; | ١,٢,٣ حضور أية جلسات في التحكيم و الظهور نيابة عن الموكل في تلك الجلسات؛ |
| 1.2.4 to take any steps or do any thing which the Principal considers necessary and proper to represent the Principal and its interests in the arbitration; and | ١,٢,٤ اتخاذ جميع الخطوات أو القيام بأي شيء يعتبره الموكل ضروريا ومناسبا لتمثيل الموكل ومصالحه في التحكيم؛ و |
| 1.2.5 to delegate all or any of these powers to such persons and on such terms as the Attorneys think fit and to vary or revoke such delegation at any time. | ١,٢,٥ تفويض جميع أو أي من هذه الصلاحيات إلى أشخاص آخرين و فقاً لشروط الوكلاء و تغيير أو إلغاء هذا التفويض في أي وقت. |
| 2 AUTHORITY OF JOINT ATTORNEYS | ٢ سلطة الوكلاء المشتركين |
| All actions authorised by this Power of Attorney may be taken by any of the Attorneys. Any and all acts done, decisions made and instruments or other documents executed pursuant to this Power of Attorney by any of the Attorneys shall therefore be as valid and effective as though done by all Attorneys. | يكون لأي من الوكلاء منفردين صلاحية اتخاذ الإجراءات التي يأذن بها هذا التوكيل. و تعتبر جميع الأفعال والقرارات المتخذة والصكوك أو غيرها من الوثائق المنفذة بموجب هذا التوكيل من قبل أي من الوكلاء صحيحة وفعالة كما لو تم اتخاذها من جميع الوكلاء مجتمعين. |



الموثق

خاتم التوثيق

الأطـــــراف

| | | | |
|---|---|---|---|
| -١ | -٦ | -١١ | -١٦ |
| -٢ | -٧ | -١٢ | -١٧ |
| -٣ | -٨ | -١٣ | -١٨ |
| -٤ | -٩ | -١٤ | -١٩ |
| -٥ | -١٠ | -١٥ | -٢٠ |

دولة قطر
وزارة العدل
إدارة التوثيق
قسم التوثيق



نمـــوذج ث/١

محضر توثيـق رقم ( ............................ )

3 GOVERNING LAW AND JURISDICTION

This Power of Attorney (and any dispute, controversy, proceedings or claim of whatever nature arising out of or in any way relating to this Power of Attorney, its subject matter or its formation (including non-contractual disputes or claims)) shall be governed by and construed in accordance with the laws of Qatar. The parties irrevocably agree that the courts of Qatar shall have exclusive jurisdiction to settle any dispute or claim that arises out of or in connection with this Power of Attorney or its subject matter or formation (including non-contractual disputes or claims).

٣ القانون الواجب التطبيق و الاختصاص

ويخضع هذا التوكيل (وأي نزاع أو خلاف أو دعوى أو مطالبة أيا كانت طبيعتها وبأي شكل من الأشكال المتعلقة بها أو موضوعها أو تشكيلها (بما في ذلك المنازعات أو المطالبات غير التعاقدية)) ويفسر وفقا لقوانين دولة قطر واتفق الطرفان بشكل غير رجعي على أن محاكم دولة قطر تتمتع بالاختصاص الحصري لتسوية أي نزاع أو مطالبة تنشأ عن أو فيما يتعلق بهذا التوكيل أو موضوعه أو تشكيله (بما في ذلك النزاعات غير التعاقدية أو المطالبات).



الموثق

خاتـم التوثيق

الأطـــــــــراف

| | | | |
|---|---|---|---|
| -١ | -٦ | -١١ | -١٦ |
| -٢ | -٧ | -١٢ | -١٧ |
| -٣ | -٨ | -١٣ | -١٨ |
| -٤ | -٩ | -١٤ | -١٩ |
| -٥ | -١٠ | -١٥ | -٢٠ |





قسم التوثيق

نموذج ث / ٢

محضر توثيق رقم (____________)

| | |
|---|---|
| Signed by Digital Soula Systems W.L.L represented by | تم التوقيع من قبل شركة ديجيتال سولا سيستمز لتقنية المعلومات ذ.م.م |
| Mr. Mohd Abdulla A Al-Mannai | ممثلة من قبل السيد محمد عبدالله علي مطر المناعي |
| (Signature) .............................. | (التوقيع) .............................. |
| And | و |
| Mr Abdulsalam Issa Abdulsalam Mohamed Abu Issa | السيد عبد السلام عيسى عبد السلام محمد أبو عيسى |
| (Signature) .............................. | (التوقيع) .............................. |

## محضر توثيق

أنه في يوم (الاربعاء) الموافق ١ / ٨ / ٢٠١٧ م ، بمقر إدارة التوثيق بوزارة العدل ، أمامنا

نحن / الموثق بالإدارة ، حضر الأشخاص الموقعين أعلاه وأبرزو هذا المحرر طالبين توثيقه، فدققت فيه وفي أهليتهم وهويتهم فلم أجد مانعاً قانونياً من توثيقه فتلوته عليهم وأفهمتهم الأثر القانوني المترتب عليه فأقروه ووقعوا عليه أمامي.

إن إدارة التوثيق غير مسئولة عن محتويات هذا المحرر ولا عن الإلتزامات الناشئة عنه.

| الشاهد الأول : | الشاهد الثاني : | الموثق |
|---|---|---|
| الاسم : .............................. | الاسم : .............................. | |
| الجنسية : .............................. | الجنسية : .............................. | |
| بطاقة شخصية رقم : .............................. | بطاقة شخصية رقم : .............................. | |
| التوقيع : .............................. | التوقيع : .............................. | |