KEVIN WALSH (*pro hac vice*)
kevin.walsh@dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Fl
New York, NY 10020-1104
Tel:  212.335.4500
Fax:  212.335.4501

AMANDA C. FITZSIMMONS (Bar No. 258888)
amanda.fitzsimmons@dlapiper.com
MANDY CHAN (Bar No. 305602)
mandy.chan@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

COLLEEN MCELROY (Bar No. 307490)
colleen.mcelroy@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-4704
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Specially Appearing Defendants
THE STATE OF QATAR and QATAR ARMED FORCES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TAREK A. FOUAD, derivatively on behalf of nominal defendant DIGITAL SOULA SYSTEMS,<br><br>   Plaintiff,<br><br>v.<br><br>THE STATE OF QATAR, by and through its, QATAR ARMED FORCES, and DOES 1-30,<br><br>   Defendants. | CASE NO. 8:19-CV-01837-RGK-ADS<br><br>**SPECIALLY APPEARING DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF MARK DEEM AND TAREK FOUAD**<br><br>**[DOCKET NOS. 52, 53]**<br><br>Date:  March 9, 2020<br>Time:  9:00 a.m.<br>Crtrm:  850<br>Judge:  Hon. R. Gary Klausner |

Specially Appearing Defendants The State of Qatar and Qatar Armed Forces (collectively, "Qatar") respectfully submit the following objections to the Declarations of Mark Deem (Docket Entry 52) and Tarek Fouad (Docket Entry 53), which were submitted by Plaintiff Tarek Fouad ("Fouad") in support of his opposition to Qatar's motion to dismiss and in support of his motion to compel arbitration (Docket Entry 43).

## I. THE FOUAD AND DEEM DECLARATIONS ARE UNTIMELY AND INADMISSIBLE.

Fouad concedes that he failed to comply with the Court's Local Rules for the submission of signatures of non-CM/ECF registered users when he submitted the Fouad and Deem Declarations. He purports now to have filed what he states are "scanned hand signed signature pages" for both declarations. *See* Docket Number 54-1 (presumably referencing Docket Entries 52 and 53). The declarations, however, were required to be filed in accordance with the rules on February 10, 2020, when his opposition to Qatar's Motion to Dismiss was due. As such, the declarations are untimely and should not be considered. *See* C.D. Cal. L.R. 7-4, 7-9, 7-12.

In addition, even a cursory review of the Deem Declaration filed by Fouad demonstrates that it does not contain a "scanned hand signed signature page[]," but rather affixes a digital signature to a .pdf, which again, fails to comply with this Court's Local Rules for signatures of non-CM/ECF registered users. C.D. Cal. L. R. 5-4.3.4(a)(3). Indeed, the signature appears to be identical to the digital signature affixed to Fouad's engagement letter with the Cooley law firm, which Fouad submitted in connection with the arbitration before the ICC. Declaration of Amanda Fitzsimmons, Ex. A, Docket Entry 58-1.

Moreover, Deem states that the English High Court of Justice does not "have the authority to compel the appointment of arbitrators as provided in Section 5 of the

/////

Federal Arbitration Act. 9 U.S.C. § 5." Deem Decl. ¶ 19. Yet Section 18 of the English Arbitration Act expressly provides for the appointment of arbitrators:

> "(1) The parties are free to agree what is to happen in the event of a failure of the procedure for the appointment of the arbitral tribunal.
>
> There is no failure if an appointment is duly made under section 17 (power in case of default to appoint sole arbitrator), unless that appointment is set aside.
>
> (2) If or to the extent that there is no such agreement any party to the arbitration agreement may (upon notice to the other parties) apply to the court to exercise its powers under this section.
>
> (3) Those powers are—
>
>> (a) to give directions as to the making of any necessary appointments;
>>
>> (b) to direct that the tribunal shall be constituted by such appointments (or any one or more of them) as have been made;
>>
>> (c) to revoke any appointments already made;
>>
>> (d) to make any necessary appointments itself.
>
> (4) An appointment made by the court under this section has effect as if made with the agreement of the parties.
>
> (5) The leave of the court is required for any appeal from a decision of the court under this section."

*See* English Arbitration Act of 1996, c. 23 § 18 (UK) (available at http://www.legislation.gov.uk/ukpga/1996/23/section/18.)

Given the nature of this and other assertions set forth in what purports to be the declaration of a solicitor at a reputable global law firm practicing in the United Kingdom, Fouad must be compelled to produce a hand signed signature page to substantiate its authenticity. Thus, if the Court is inclined to consider the declarations, notwithstanding their untimeliness, Qatar requests pursuant to C.D.

/////

/////

Cal. Local Rule 5-4.3.4(b) that the Court issue an order compelling Fouad to produce the original, hand signed Deem Declaration for inspection.

                              Respectfully submitted,

Dated: February 27, 2020     **DLA PIPER LLP (US)**

                            By: */s/ Amanda C. Fitzsimmons*
                                KEVIN WALSH
                                AMANDA C. FITZSIMMONS
                                MANDY CHAN
                                COLLEEN MCELROY
                                Attorneys for Specially Appearing Defendants
                                THE STATE OF QATAR and QATAR ARMED FORCES