**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAREK A. FOUAD, derivatively on behalf of nominal defendant Digital Soula Systems,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>THE STATE OF QATAR; QATAR ARMED FORCES; DIGITAL SOULA SYSTEMS, Nominal Defendant, Real Party in Interest,<br><br>    Defendants-Appellees. | No.    20-55531<br><br>D.C. No.<br>8:19-cv-01837-RGK-ADS<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 11, 2021**
Pasadena, California

Before: BOGGS,*** M. SMITH, and MURGUIA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

This dispute arises out of business dealings between the State of Qatar and a Qatari defense and security consultancy company, Digital Soula Systems (DSS). Plaintiff Tarek A. Fouad (Fouad) filed a derivative action in his role as shareholder on behalf of DSS against the State of Qatar and the Qatar Armed Forces (collectively, Qatar Defendants). Fouad appeals the district court's dismissal of his First Amended Complaint (FAC) for *forum non conveniens* pursuant to a forum selection clause that provided Qatari courts with exclusive jurisdiction over the dispute. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We have jurisdiction under 28 U.S.C. § 1291. We review an order dismissing a case for *forum non conveniens* based on a forum selection clause for abuse of discretion. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). We review an order denying a motion to compel arbitration *de novo*. *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018) (citing *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc)). We affirm.

DSS contracted with the State of Qatar to provide consulting services under a Consultancy Services Agreement. Article 56.1 of the Consultancy Services Agreement specified that any disputes arising from the agreement would be arbitrated under the rules of the International Chamber of Commerce International

Court of Arbitration (ICC) in London, England. Article 56.2 specified that the agreement would be governed by the laws of the State of Qatar.

Around March 2015, DSS began performance under the Consultancy Services Agreement. After certain milestones were met, significant delays occurred. DSS continued to work and billed QAR 16,087,456 (US $4,419,626) but was never paid.

Between August 30, 2018 and November 1, 2018, the other two DSS shareholders, Lt. Col. Al-Mannai and Mr. Abu-Issa, entered into a settlement on behalf of DSS with the Qatar Defendants. The Settlement Agreement released the Qatar Defendants from any claims involving the Consultancy Services Agreement in exchange for QAR 9,021,550 (US $2,471,658). The Settlement Agreement specified that Qatari law would govern the agreement and that the courts of Qatar would have exclusive jurisdiction over any disputes arising from the agreement.

After two separate requests for arbitration before the ICC were dismissed, Fouad filed suit, later amending with the operative FAC. Qatar Defendants and DSS moved to dismiss, arguing, in part, that the case should be dismissed for *forum non conveniens* pursuant to the forum selection clause in the Settlement Agreement or, alternatively, pursuant to the Consultancy Services Agreement's arbitration clause. Fouad opposed the motions and sought an order staying the case and compelling arbitration in California.

The district court issued an order: (1) denying Fouad's motion to stay the case and compel arbitration, (2) granting Qatar Defendants' motion to dismiss, and (3) denying as moot DSS's motion to dismiss. Fouad appealed.

1.      Fouad argues the district court erred by dismissing the FAC because the forum selection clause in the Settlement Agreement was unenforceable. Federal law applies to interpreting a forum selection clause. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Forum selection clauses are considered *prima faci*e valid. *See Carnival Cruise Lines v. Shute,* 499 U.S. 585, 589 (1991); *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 9–11 (1972). A forum selection clause may be unenforceable for three reasons: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court"; or (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards v. Lloyd's of London,* 135 F.3d 1289, 1294 (9th Cir. 1998); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). The party claiming the clause is invalid or unenforceable due to unfairness bears a heavy burden of proof. *See Carnival Cruise Lines,* 499 U.S. at 592, 595. Fouad fails to meet this heavy burden.

In the district court, Fouad did not argue the forum selection clause was itself procured by fraud, nor did he introduce any evidence to establish that it was. Instead, Fouad argued that the Settlement Agreement as a whole was a product of fraud. However, "[t]he Supreme Court has noted that simply alleging that one was duped into signing the contract is not enough." *Richards*, 135 F.3d at 1297 (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)). "For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the *inclusion of that clause in the contract* was the product of fraud or coercion.'" *Id.* (quoting *Scherk*, 417 U.S. at 519 n.14). Therefore, by failing to differentiate the alleged fraud that induced DSS to enter the Settlement Agreement from any separate proof of fraud concerning inclusion of the forum selection clause, Fouad did not meet his burden. Any additional arguments not raised in the district court are waived. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014).

Fouad also contends that the district court erred by concluding that Qatar is an adequate forum because he would be denied his day in court there. However, Fouad fails to challenge the district court's findings on the issue. Instead, Fouad attempts to raise new arguments and offer additional evidence not raised in the district court. The district court's findings were proper, Fouad's new arguments are waived, and even if considered, are without merit.

5

As the district court found, Fouad's contention that he would experience harm if he were required to litigate in Qatar was unsupported. Fouad offered no evidence that his physical presence in Qatar was required to pursue the action, nor did he provide "either amplifying details or any admissible evidence to substantiate" his claim that he would be harmed if he returned to Qatar. Fouad's contention that no lawyer would represent him in Qatar was also unsupported because he provided no evidence demonstrating that he attempted to, but could not, retain counsel there.

Fouad also failed to produce evidence sufficient to substantiate his claim that he would be deprived of due process if forced to litigate in Qatar. The only evidence Fouad submitted in the district court was a two-page U.N. Human Rights article. As noted by the district court, the article largely describes positive developments in the Qatari judicial system that undercut Fouad's claim that Qatar is an inadequate forum. The only concerns noted in the article relate to the treatment of certain "marginalized groups," of which the district court found Fouad was not a member. Based on these findings, the district court properly held that the article did not "represent the kind of 'powerful showing' that would permit this court to declare Qatar an inadequate forum." *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1179 (9th Cir. 2006).

Accordingly, because Fouad failed to establish any basis to render the forum selection clause unenforceable, the district court did not abuse its discretion by dismissing the FAC.

2.      Fouad does not contest the district court's order denying his motion to compel arbitration in California in his briefing. Accordingly, Fouad waived his ability to contest that aspect of the district court's order. *See Tri-Valley CAREs v. U.S. Dep't. of Energy*, 671 F.3d 1113, 1129–30 (9th Cir. 2012).

Instead, Fouad contends the district court erred by not compelling arbitration in London. But Fouad did not seek to compel arbitration in London in the district court. Instead, Fouad's briefing in the district court focused on compelling arbitration in California. Because he did not ask the district court to compel arbitration in London, Fouad waived that issue on appeal. *See, e.g.*, *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Armstrong*, 768 F.3d at 981; *Komatsu, Ltd. v. States S.S. Co.*, 674 F.2d 806, 812 (9th Cir. 1982).

3.      Fouad also contends that the district court erred by ruling on the arbitrability of this dispute and that the issue must instead be resolved by an arbitrator. This argument is also waived because it was not raised below and is inconsistent with Fouad's course of conduct in the district court. Fouad did not challenge the district court's competence to decide the question of arbitrability in the proceedings below—he did the opposite by submitting the question of arbitrability of his claims

to the district court. Fouad cannot now argue the district court erred by deciding that issue.

4.      Finally, the district court did not abuse its discretion by not granting leave to amend *sua sponte*. Importantly, Fouad never requested leave to amend the FAC in the district court. "Where a party does not ask the district court for leave to amend, the request on appeal to remand with instructions to permit amendment comes too late." *Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) (internal quotation marks and alternations omitted).

**AFFIRMED.**